UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

RODLIN EDOUARD,

       Plaintiff,

vs.

GOBISTRO1 LLC,
a Florida corporation, and NITI
MASINTAPAN, individually,

       Defendants.
_____/

## **COMPLAINT**

Plaintiff, RODLIN EDOUARD, by and through undersigned counsel, sues the Defendants, GOBISTRO1 LLC, (hereinafter, "Company"), and NITI MASINTAPAN, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is a resident of this judicial district, a current employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, is the employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, NITI MASINTAPAN, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff is 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff, currently employed as a kitchen manager, was hired on May 10, 2018 as a non-exempt employee by the Defendants, receiving less than $40,000 per year to perform non-specialized work that requires no advanced degree.

11. Further, Plaintiff does not have the power to hire or fire other staff members or make decisions on behalf of the Defendants.

12. Despite being non-exempt, during his employment, the Defendants however had Plaintiff work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

13. Defendants are instead not paying Plaintiff any wages for hours over 40.

14. Therefore, at $713.80 per forty-hour week, Plaintiff's straight-time hourly wage is $17.85, and his overtime wage is $26.76.

15. However, Defendants only pay Plaintiff $713.80 per week, regardless of how many hours he works.

16. Plaintiff works, on average, 60 hours per week.

17. Thus, Plaintiff is owed his overtime rate for 20 hours, or $535.20 for every week he has worked for the Defendants, that continues to increase per week.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–NITI MASINTAPAN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

20.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

21.     By reason of the intentional, willful and unlawful acts of the Defendant, NITI MASINTAPAN in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, NITI MASINTAPAN for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: June 10, 2019.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920